J. Albert Hutchinson v. Commissioner.
Hutchinson v. Commissioner
Docket No. 4974-67.
United States Tax Court
T.C. Memo 1969-81; 1969 Tax Ct. Memo LEXIS 215; 28 T.C.M. (CCH) 465; T.C.M. (RIA) 69081; April 22, 1969. Filed *215 Held: The petitioner has failed to show that he provided more than one-half to the total support of the claimed dependents in 1963. Held further: The petitioner may not compute his 1963 income tax at the rates provided for a head of household since he has not shown that he furnished more than onehalf of the cost of maintaining the household with respect to which he is claiming such rates. J. Albert Hutchinson, pro se, 55 New Montgomery St., San Francisco, Calif. Robert M. Zimmerman, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $1,224.97 in the petitioner's 1963 income tax. The issues for decision in this case are: (1) Whether the petitioner *216 is entitled to dependency deductions for his children, Laurence Dow Hutchinson and Diane Mary Hutchinson, for the year 1963; and (2) whether the petitioner is entitled to compute his 1963 income tax at the rates provided for a head of household. Findings of Fact Some of the facts have been stipulated, and those facts are so found. The petitioner, J. Albert Hutchinson, resided in San Francisco, California, at the time the petition was filed in this case. He filed his 1963 Federal income tax return with the district director of internal revenue in San Francisco, California. The petitioner and Maxine Dow Hutchinson were married on February 27, 1937. They have a son, Laurence Dow, born December 16, 1948, and a daughter Diane Mary, born May 19, 1951. Mr. and Mrs. Hutchinson separated on April 12, 1961, and on June 30, 1961, Mrs. Hutchinson commenced an action for divorce against the petitioner in the Superior Court of the State of California. An interlocutory decree of divorce was granted to her on June 21, 1962. A final decree of divorce was entered on February 28, 1964. During 1963, the petitioner resided at the Bohemian Club, 624 Taylor Street, San Francisco, California. *217 During that year, Laurence and Diane resided with their mother in a house located at 3659 Washington Street, San Francisco, California. Opinion The first issue for decision is whether the petitioner is entitled to dependency deductions for 1963 for his children, Laurence and Diane. To be entitled to such deductions, the petitioner must have furnished more than one-half of each child's support during the year, and he has the burden of proving such support. Sections 151(e) and 152(a), Internal Revenue Code of 1954, [1]Aaron F. Vance, 36 T.C. 547, 549 (1961); Rule 32, Tax Court Rules of Practice.
The petitioner has utterly failed to prove his case. He has not proved either the amount he contributed toward the support of his children or the total amount of their support. The petitioner contends that during 1963 he provided approximately $2,100 of cash contributions toward the support of each child plus at least one-half of their lodging. In his petition to this Court, he alleged that he furnished such amounts of cash support, and in his testimony, he appears to assume *218 that he has established such facts. However, the respondent denied those allegations, and the petitioner has failed to introduce evidence to prove them. During 1963, the petitioner was obligated under the interlocutory decree of divorce to pay at least $1,800 each for the support of Laurence and Diane, but he neglected to show that he in fact made such payments. In his testimony, he made a vague reference to the amounts of support, but he, a lawyer, never directly testified that he made such payments or contributed such amounts for the support of the children. His testimony also included vague references to other amounts that he claimed to have provided for the children, but such testimony is too 466 vague to warrant any findings based thereon. Under these circumstances, we cannot find that the petitioner made any cash contributions toward the support of his children during 1963. The petitioner contends that he supplied either all the lodging for the children in 1963, or at least one-half thereof. Apparently, he bases his contention of having supplied all the lodging on the argument that he provided the funds for the acquisition and maintenance of the Washington Street house. *219 However, he has not introduced any evidence as to the source of the funds used to acquire and maintain the property, and consequently, we need not pass on the legal merits of his argument. There is no need for us to comment upon his alternative contention that he furnished the children with one-half of their lodging for the year, since he has failed to prove that he made any other contributions toward their support. Besides the petitioner's failure to prove what he contributed to the support of the children, he has also failed to furnish any significant evidence as to their total support. He complains that the respondent possesses information which was not made available to him; yet, Mrs. Hutchinson was called as a witness by the respondent, and the petitioner made no effort to question her about the total support of the children or what support she provided them. The only evidence offered by the petitioner as to the total support of the children was his statement that $1,800 a child was enough to maintain them in the customary manner, but this general statement is unconvincing. Although $3,600 for the support of two minor children would constitute more than half of their support *220 in many situations, we have in this case a family with substantial incomes. Under the divorce decree, Mrs. Hutchinson was to receive $6,000 a year from the petitioner as alimony, and the record of the divorce proceedings indicates that at the time of the divorce, she was receiving other income in excess of $9,000. Under these circumstances, we cannot conclude that $3,600 would provide more than one-half of the support of these children. In his brief, the petitioner appears to argue that the California court found that $3,600 was the amount needed to support the children, but as we read the record of that proceeding, the court merely found that the petitioner should contribute that amount toward the support of the children. The second issue for decision involves the petitioner's claim that he should be allowed to compute his 1963 income tax at the rates provided for a head of household. In order for such claim to be allowed, it must appear that the petitioner was not married at the close of 1963 and that he maintained as his home a household which was the principal place of abode of his children. Section 1(b)(2). The petitioner has the burden of proving these facts. See Donald G. Teeling, 42 T.C. 671, 680-681 (1964); *221 Rule 32, Tax Court Rules of Practice.In order to prove that he maintained a household, he must establish that he furnished more than one-half the cost thereof. The petitioner contends that he was not married at the end of 1963 and that the Washington Street house was his home during that year. There is no need to comment on these arguments, since nowhere in the record of this case is there any information concerning what portion of the costs of maintaining the Washington Street house was borne by the petitioner. Accordingly, he is not entitled to compute his 1963 tax at head of household rates. The petitioner has made certain assertions concerning the procedural propriety of the respondent's determination. He has accused the respondent of proceeding "without lawful evidence" and of "corruptly" concealing "his reliance upon hearsay information unknown to petitioner and concealed from him in violation of petitioner's constitutional rights." Such assertions are manifestly spurious in law and fact. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩